## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**ALLEN LIVINGSTON WILEY**                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:09-CV-P104-H**

**McKAY CHAUVIN et al.**                                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Allen Livingston Wiley, filed a *pro se*, *in forma pauperis* complaint under 42

U.S.C. § 1983[1] (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth

below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff sues Judge McKay Chauvin.  He alleges that his right to a speedy trial has been

violated in his pending state criminal action and that Judge Chauvin has refused to dismiss that

state criminal action even after having been informed of the alleged violation.

Plaintiff also details that he has complained to the Kentucky Bar about the fact that his

public defender, Paul James Ivie, has only seen him twice in ten months.  He also states that he

wants this Court to review tapes of his appearances in state court so that this Court can see Ivie

put his hand over the tape box to thwart Plaintiff's attempt to move for dismissal based on

constitutional violations.  He states that he has repeatedly requested that Paul Ivie and Judge

Chauvin step down off of his case.  He states that he would like to file a $50,000,000 lawsuit

against the Commonwealth of Kentucky and a $50,000,000 lawsuit against the Louisville Police

---

[1] Plaintiff states that he cannot fill out the § 1983 form complaint because he has a learning disorder.  The Clerk of Court therefore accepted his letter detailing his allegations as a complaint.

Department for violating his constitutional rights during his arrest, his interrogation and booking, and for statements made to the local news by the Police Department about his arrest.  He states that he would like to file a $100,000 suit against Judge Chauvin and against Paul Ivie for violating his constitutional rights.

In subsequent letters, which the Court construes to be amendments to the complaint, Plaintiff states that he also would like to add a claim that Louisville Metro Department of Corrections, where he is incarcerated, has tampered with his mail (DNs 3 and 4).  In another subsequent letter (DN 7), Plaintiff states that he wishes to sue Louisville Metro Department of Corrections for $1,000,000 for stopping his incoming mail.  Two other letters (DNs 10 and 11) request injunctive relief in the form of having his state-court criminal case dismissed.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

*Claim against Judge Chauvin*

Section 1983 of Title 42 of the U.S. Code provides a civil remedy to individuals who suffer injury from the deprivation of a federal right by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  However, a judge performing judicial functions is absolutely immune from suit seeking monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991).  Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. *Id.* at 11.  A judge will not be immune from suit where:  1) the judge acts in a non-judicial capacity; or 2) the judge acts in the complete absence of all jurisdiction. *Id.* at 11-12.  However, a judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction. *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985).

Because Plaintiff essentially complains only about conduct that comprises the very core of Judge Chauvin's official duties, the Court concludes that absolute judicial immunity bars the claims for monetary damages against Judge Chauvin. *See Mireles*, 502 U.S. at 9.

To the extent that Plaintiff seeks equitable relief, § 1983 does not allow it except in certain cases.  Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable.  Therefore, Plaintiff's claims against Judge Chauvin will be dismissed by separate order. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).

3

***Claim against Public Defender Ivie***

It is firmly established that defense counsel, while acting in that capacity, is not a state

actor for purposes of § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public

defender does not act under color of state law when performing a lawyer's traditional functions

as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x. 163,

165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the

court, a state actor under color of state law within the meaning of § 1983").  Thus, Plaintiff has

failed to state a claim under § 1983 against Defendant Ivie.

***Claim against Commonwealth of Kentucky***

The Court lacks subject matter jurisdiction over Plaintiff's claims against the

Commonwealth of Kentucky, by operation of the Eleventh Amendment to the U.S. Constitution.

That amendment specifically prohibits federal courts from entertaining suits brought directly

against the states or its agencies.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,

506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its

control may be subject to suit in federal court." (internal quotation marks and citation omitted));

*Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment

protects the Kentucky state government and the Kentucky Department of Corrections from

suit.").

The Eleventh Amendment provides:  "The Judicial power of the United States shall not

be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

U.S. CONST. amend. XI.  Although the Eleventh Amendment does not address the situation

4

where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility.  *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).  The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'"  *Id.* (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

There are essentially three exceptions to the rule cited above:  (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations.  *See Barton,* 293 F.3d at 948.  None of these exceptions exist in this case.

Kentucky has not waived its immunity to suit in federal court.  *See Rose v. Stephens*, 291 F.3d 917, 925 (6th Cir. 2002).  Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lewis v. Bd. of Educ. of Talbot County*, 262 F. Supp. 2d 608, 612 (D. Md. 2003).  Finally, Plaintiff does not seek injunctive relief from a state officer as required for the *Ex Parte Young* exception to apply.  *See*, *e.g.*, *Will*, 491 U.S. at 71 n.10 (noting that *officials* still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State.")

Because Plaintiff's claim against the Commonwealth of Kentucky is barred by the Eleventh Amendment, the Court will dismiss it under FED. R. CIV. P. 12(h)(3).

***Claims against Louisville Metro Police Department and Louisville Metro Department of Corrections***

Plaintiff states that he wishes to sue the Louisville Metro Police Department for $50,000,000 for violating his constitutional rights during his arrest, his interrogation, and booking, and for statements made to the local news by the Police Department about his arrest. Plaintiff states that he wishes to sue Louisville Metro Department of Corrections, where he is incarcerated, for $1,000,000 for stopping his mail.

Neither the Louisville Metro Police Department nor the Louisville Metro Department of Corrections is a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Jefferson County that is the proper defendant in this case. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Jefferson County is a "person" for purposes of § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against the Louisville Metro Police Department and the Louisville Metro Department of Corrections as brought against Jefferson County.

When a § 1983 claim is made against a municipality, like Jefferson County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City*

6

*of Harker Heights*, *Tex*., 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

7

Plaintiff does not allege that a policy of the Louisville Metro Police Department or the Louisville Metro Department of Corrections caused his constitutional rights to be violated. As such, Plaintiff has failed to state a claim under § 1983 against Jefferson County, and these claims will be dismissed for failure to state a claim. *See Monell*, 436 U.S. at 691; *Deaton*, 989 F.2d at 889.

### Claim for injunctive relief in the form of having his state-court criminal case dismissed

Had Plaintiff already been convicted in state court, his claims would face a potential bar under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (any civil rights claim which would necessarily call into question the validity of a criminal conviction is not cognizable until that conviction is reversed or otherwise vacated). Here, Plaintiff indicates that he has not yet been convicted of any crime arising out of the indictment.

Where a plaintiff files a claim related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* Therefore, at a minimum, Plaintiff's claims regarding his prosecution would have to be stayed pending the outcome of his state-court criminal proceedings.

However, the Supreme Court made clear in *Younger v. Harris*, 401 U.S. 37 (1971), that "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury."

8

*Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger*).  "*Younger* abstention in civil cases requires the satisfaction of three elements.  Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims."  *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

According to the complaint, Plaintiff has a pending criminal case against him in state court.  The state has an important interest in adjudicating that criminal case.  In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state court proceeding.  While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time.

The record therefore indicates that *Younger* abstention is appropriate with respect to Plaintiff's requests to have the prosecution against him enjoined.  *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).  Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice.  *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986).  Thus, while a stay of these proceedings would be permissible in light of *Heck*-related concerns, dismissal of his request to have the state-court criminal prosecution against him enjoined without prejudice is more appropriate in light of *Younger*.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's claims

9

against Judge Chauvin, Ivie, the Commonwealth of Kentucky, the Louisville Metro Police

Department, and the Louisville Metro Department of Corrections.   His claim for injunctive relief

in the form of dismissing the state-court criminal action against him will be dismissed without

prejudice.

Date:   July 23, 2009

John G. Heyburn II, Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendants
         Jefferson County Attorney
4412.009

10